FILED
CLERK, U.S. DISTRICT COURT
4/29/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>DAVID JOSEPH BUNEVACZ,<br><br>　　　　　Defendant. | CR 2:22-cr-00175-DSF<br><br>I N D I C T M E N T<br><br>[15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5: Securities Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1956(a)(1)(B)(i): Concealment Money Laundering; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 981(a)(1)(C), 982, 1028 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　　The Grand Jury charges:

COUNT ONE

[15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5]

A.　INTRODUCTORY ALLEGATIONS

　　　At times relevant to this Indictment:

　　　1.　Defendant DAVID JOSEPH BUNEVACZ was a resident of Calabasas, California.

　　　2.　Defendant BUNEVACZ controlled various business entities that he represented were involved in the cannabis industry, including Holy Smokes Holdings LLC and Caesarbrutus LLC, Nevada limited

liability companies, and CB Holding Group Corp., a Nevada corporation (collectively, the "BUNEVACZ Cannabis Companies"). Defendant BUNEVACZ's stepdaughter was the sole officer listed for both Caesarbrutus LLC and CB Holding Group Corp., and an associate of defendant BUNEVACZ's was the sole officer listed for Holy Smokes Holdings LLC.

3. In connection with the purported financing of the BUNEVACZ Cannabis Companies, defendant BUNEVACZ caused the issuance of senior secured promissory notes and other investment agreements that constituted "securities" within the meaning of the Securities Exchange Act of 1934.

B. THE SCHEME TO DEFRAUD

4. Beginning no later than in or about 2010, and continuing through at least on or about April 5, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant BUNEVACZ, knowingly and willfully, directly and indirectly, by the use of the means and instrumentalities of interstate commerce and the mails, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances by: (1) employing a scheme to defraud; (2) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon purchasers and prospective purchasers of securities (the "victim-investors"), by causing materially false and fraudulent statements and material omissions to be made to the

victim-investors about defendant BUNEVACZ's use of victim-investors' investments.

5.   The scheme to defraud operated, in substance, as follows:

   a.   Defendant BUNEVACZ solicited investments from the victim-investors by offering to sell them securities issued by the BUNEVACZ Cannabis Companies.

   b.   Defendant BUNEVACZ falsely and misleadingly represented to victim-investors that he and his stepdaughter had extensive experience in the cannabis industry and that the BUNEVACZ Cannabis Companies were in the business of selling vape pens containing cannabis products such as cannabidiol (also known as CBD) and tetrahydrocannabinol (also known as THC).  In fact, as defendant BUNEVACZ knew, the BUNEVACZ Cannabis Companies were sham businesses that conducted little if any business activity related to the sale of vape pens containing cannabis products.

   c.   Defendant BUNEVACZ also represented, promised, and maintained the pretense that funds from victim-investors would be used to finance business activities of the BUNEVACZ Cannabis Companies, such as the acquisition of raw materials used to manufacture cannabis vape pens.  In reality, defendant BUNEVACZ used the majority of funds from victim-investors to finance his own lavish lifestyle and that of his family.

   d.   Defendant BUNEVACZ engaged in a variety of conduct intended to deceive the victim-investors as to the legitimacy of the BUNEVACZ Cannabis Companies and the security of any investments in them, and to induce those victim-investors to invest and maintain their investments with him.  For example:

i.  Defendant BUNEVACZ caused the registration of additional business entities with state agencies (the "Shell Companies") and caused bank accounts to be opened in the names of the BUNEVACZ Cannabis Companies and the Shell Companies (the "Funnel Accounts").  For many of the Shell Companies, defendant BUNEVACZ selected names such as "Grenco Science, Inc." and "SaveurVape LLC" that were intentionally similar or identical to the names of real businesses, particularly businesses operating in the cannabis space, in order to lend the appearance of legitimate business activities to the BUNEVACZ Cannabis Companies.

ii.  To create the false impression that the BUNEVACZ Cannabis Companies were engaged in the manufacture and distribution of cannabis vape pens, defendant BUNEVACZ provided victim-investors with fabricated documents, such as bank statements from the Funnel Accounts, and invoices and purchase orders from the BUNEVACZ Cannabis Companies and the Shell Companies, that falsely reflected such activities.

iii. To conceal his own control of the Shell Companies and Funnel Accounts, defendant BUNEVACZ caused other individuals, including his stepdaughter, to be publicly listed as the corporate officers of the Shell Companies and the authorized signers on many of the Funnel Accounts, even though defendant BUNEVACZ knew that those individuals, to the extent they carried out any actions with respect to the BUNEVACZ Cannabis Companies, did so at his direction.

e.  To ensure victim-investors were not discouraged from investing in the BUNEVACZ Cannabis Companies, defendant BUNEVACZ made misrepresentations and concealed material facts about his background. For example:

i. Defendant BUNEVACZ concealed that he had been convicted of a felony offense in 2017, namely, Unlawful Sale of a Security, in violation of California Corporation Code, Sections 25110 and 25540(a).

ii. Defendant BUNEVACZ also sent at least one victim-investor a falsified version of a settlement agreement reached with the victim of a prior fraud scheme in which defendant BUNEVACZ engaged in order to make it appear that the prior victim had agreed to pay defendant BUNEVACZ to resolve the lawsuit, when in fact, defendant BUNEVACZ had agreed to pay the prior victim to resolve the lawsuit.

f. Defendant BUNEVACZ caused the victim-investors to provide investment funds through various means, including interstate and foreign wire transfers to the Funnel Accounts.

g. To lull the victim-investors into maintaining their investments and discourage them from taking legal action against him or the BUNEVACZ Cannabis Companies, defendant BUNEVACZ used funds from victim-investors to refund some prior victim-investors.

6. In executing the fraudulent scheme described above, defendant BUNEVACZ, operating through the BUNEVACZ Cannabis Companies, raised between approximately $37,166,737 and $45,068,227 from the victim-investors and caused losses between approximately $28,409,112 and $35,222,932.

C. EXECUTION OF THE FRAUDULENT SCHEME

7. On or about February 5, 2019, within the Central District of California, and elsewhere, for the purpose of executing the scheme to defraud described above, and in furtherance of the manipulative and deceptive devices described above, defendant BUNEVACZ directly

5

and indirectly caused the use of a means and instrumentality of interstate and foreign commerce in connection with the purchase and sale of securities, namely, the transfer of approximately $800,000 from victim-investor I.C., by means of interstate wire transfers, to a Wells Fargo Bank account in the name of CB Holding Group Corp. in connection with a senior secured promissory note.

COUNT TWO

[18 U.S.C. § 1343]

8. The Grand Jury incorporates paragraphs 1 through 3 and 5 through 7 of this Indictment here.

A.   THE SCHEME TO DEFRAUD

9. Beginning on a date unknown, but no later than in or about 2010, and continuing through at least on or about April 5, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant BUNEVACZ, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victim-investors as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

10. The scheme to defraud operated, in substance, as described in paragraphs 5 and 6 of this Indictment.

B.   USE OF INTERSTATE AND FOREIGN WIRES

11. On or about October 28, 2018, in Los Angeles County, within the Central District of California, and elsewhere, for the purpose of executing the scheme to defraud described above, defendant BUNEVACZ transmitted
and caused the transmission by means of wire communication in interstate and foreign commerce of an email attaching a purported settlement agreement and mutual general release between defendant BUNEVACZ and victims G.H. and A.S., Inc., from the United States to Canada.

COUNT THREE

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2(b)]

12. The Grand Jury incorporates paragraphs 1 through 3 and 5 through 7 of this Indictment here.

13. On or about February 6, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendant BUNEVACZ knowingly conducted, and willfully caused others to conduct, a financial transaction, namely, the transfer of $20,000 from a Bank of America account in the name of CB Holding Group Corp. to a Wells Fargo Bank account in the name of Grenco Science, Inc., knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, namely, Securities Fraud, in violation of Title 15, United States Code, Sections 78j(b), 78ff and 17 C.F.R. § 240.10b-5, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of such proceeds.

COUNT FOUR

[18 U.S.C. § 1028A(a)(1)]

14. On or about October 28, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID JOSEPH BUNEVACZ knowingly possessed, transferred, and used, without lawful authority, means of identification that defendant BUNEVACZ knew belonged to other persons, that is, the names and signatures of victims G.H. and F.M., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Two of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

15. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the conviction of defendant DAVID JOSEPH BUNEVACZ of the offenses set forth in any of Counts One or Two of this Indictment.

16. Defendant BUNEVACZ, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

17. Pursuant to Title 18, United States Code, Section 981(a)(1)(c), as incorporated by Title 28, United States Code, Section 2461(c), if so convicted, defendant BUNEVACZ shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant BUNEVACZ, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(1), (2)(A)]

18. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, in accordance with Title 18, United States Code, Sections 982(a)(1), in the event of defendant DAVID JOSEPH BUNEVACZ's conviction on Count Three of this Indictment.

19. Defendant BUNEVACZ, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

20. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant BUNEVACZ shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of a defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. §§ 982, 1028]

21. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 1028, in the event of defendant DAVID JOSEPH BUNEVACZ's conviction on Count Four of this Indictment.

22. Defendant BUNEVACZ, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

    b. Any personal property used or intended to be used to commit the offense; and

    c. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

23. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1028(g), defendant BUNEVACZ, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant BUNEVACZ, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

       /S/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Acting Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Major Frauds Section

14