```
TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1259
     Facsimile: (213) 894-0141
     E-mail:    alexander.schwab@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-175-DSF |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| DAVID JOSEPH BUNEVACZ, | |
| Defendant. | **CURRENT TRIAL DATE:** 06-21-22<br>**PROPOSED TRIAL DATE:** 02-07-23 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexander B. Schwab, and defendant David Joseph Bunevacz ("defendant"), both individually and by and through his counsel of record, Deputy Federal Public Defender Jimmy Threatt, hereby stipulate as follows:

1. The Indictment in this case was filed on April 29, 2022. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 5, 2022. The

1 Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2 trial commence on or before July 8, 2022.
3     2.    On May 10, 2022, the Court set a trial date of June 21,
4 2022.
5     3.    Defendant is detained pending trial. The parties estimate
6 that the trial in this matter will last approximately two weeks.
7     4.    By this stipulation, defendant moves to continue the trial
8 date to February 7, 2023. This is the first request for a
9 continuance.
10     5.    Defendant requests the continuance based upon the following
11 facts, which the parties believe demonstrate good cause to support
12 the appropriate findings under the Speedy Trial Act:
13         a.    Defendant is charged with securities fraud, wire
14 fraud, money laundering, and aggravated identity theft. The
15 government has produced over 72,000 pages of discovery to the
16 defense, including law enforcement reports, financial records, and
17 other evidence.
18         b.    On June 1, 2022, defendant's current counsel
19 substituted in as counsel of record. Defense counsel's current trial
20 schedule is as follows: <u>United States v. Fleming</u>, CR 21-00110-JAK,
21 possession of firearms, trial currently set for July 12, 2022 but
22 expected to be continued to September 20, 2022 and expected to last
23 three days; <u>United States v. Williams</u>, CR 21-000170-VAP, possession
24 of child pornography, trial on September 6, 2022 and expected to last
25 three days; <u>United States v. Delafuente</u>, CR 22-000050-SVW, selling
26 firearms without a license, trial on October 4, 2022 and expected to
27 last three days; <u>United States v. Diaz</u>, CR 22-00117-FMO, distribution
28 of methamphetamine and fentanyl, trial on November 7, 2022 and

expected to last four days; United States v. Bordegaray, CR 20-00065-ODW, possession of methamphetamine and heroin with intent to distribute, trial on November 15, 2022 and expected to last three days.  Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

        c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d.   On May 16, 2022, at a status conference before the Court, defendant's prior counsel made an oral motion to withdraw as counsel of record (prior counsel filed a subsequent written motions on May 26, 2022, and May 31, 2022).  On June 1, 2022, the Court granted the motion and appointed the Office of the Federal Public Defender to represent defendant.

        e.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

        f.   The government does not object to the continuance.

        g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of

the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 21, 2022, to February 7, 2023, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. In addition, the parties agree that the time period of May 16, 2022, to June 1, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: June 6, 2022                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                              /s/
                                        ALEXANDER B. SCHWAB
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

//

//

I am David Joseph Bunevacz's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 7, 2023, is informed and voluntary.

_/s/ Jimmy Threatt_     6/3/2022
JIMMY THREATT     Date
Deputy Federal Public Defender
Attorney for Defendant
DAVID JOSEPH BUNEVACZ

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than February 7, 2023.

_/s/_     6/3/2022
DAVID JOSEPH BUNEVACZ     Date
Defendant

6