CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JAMES S. THREATT (Bar No. 325317)
(E-Mail: Jimmy_Threatt@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
DAVID BUNEVACZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 22-CR-175-DSF |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT DAVID BUNEVACZ'S RESPONSE TO GOVERNMENT OBJECTIONS TO THE PSR** |
| DAVID BUNEVACZ , | Sentencing Hearing: November 21, 2022 |
| Defendant. | Sentencing Time: 8:30 a.m. |

Defendant David Bunevacz, by and through counsel of record, Deputy Federal Public Defender James S. Threatt, hereby submits his response to the government's objections to the PSR.

                                                        Respectfully submitted,

                                                        CUAUHTEMOC ORTEGA
                                                        Federal Public Defender

DATED: November 7, 2022      By  /s/ *James S. Threatt*
                                                   JAMES S. THREATT
                                                  Deputy Federal Public Defender
                                                  Attorney for David Bunevacz

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT ..........................................................................................................1

    A.    The PSR Correctly Determines that Mr. Bunevacz Did Not Obstruct Justice. ..........................................................................................................1

    B.    The Court Should Not Depart Upwards in Criminal History Category. .....3

        1.    The Prior State Conviction is Already Accounted for by the Guidelines. ..........................................................................................3

        2.    The Alleged Conduct in the Philippines is Unsubstantiated. .............4

III. CONCLUSION .......................................................................................................5

# I. INTRODUCTION

The government raises two objections to the PSR: (1) Mr. Bunevacz should receive a two-point enhancement for obstruction of justice; and (2) the Court should depart upward from Criminal History Category I to Category II. Neither argument has merit. *First*, the obstruction enhancement has no place where, as even the government acknowledges, Mr. Bunevacz has taken full responsibility for his crimes. The government's position instead rests on a faulty interpretation of U.S.S.G. § 3C1.1—reading the first section entirely out of the text—to allow a *prior state case* to serve as the basis for obstruction. *Second*, the Court should not depart upwards to Category II. Again, the primary fact underpinning the government's position is Mr. Bunevacz's prior state conviction. That conviction, however, is already accounted for by Mr. Bunevacz's Guidelines range because the loss from that case is included in his offense level calculation. The Court should not disturb the PSR's well-reasoned conclusions on these points.

# II. ARGUMENT

## A. The PSR Correctly Determines that Mr. Bunevacz Did Not Obstruct Justice.

The plain text of U.S.S.G. § 3C1.1 forecloses the possibility of an obstruction enhancement on these facts. The government's argument effectively collapses the provision's two prongs into one, while ignoring that the alleged obstruction took place entirely in the context of state court proceedings and has had no impact—material or otherwise—on the investigation, prosecution, or sentencing for the federal "offense of conviction."

United States Sentencing Guidelines Section 3C1.1 provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, *the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction*, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1 (emphasis added).

The first prong is dispositive. It specifies that Mr. Bunevacz must have undertaken conduct that interfered with the "investigation, prosecution, or sentencing" of the federal wire fraud and securities fraud offenses to which he pled guilty. The government has not even tried to explain how any conduct vis-à-vis the prior state case had any such impact. Nor could it, because as the PSR properly concluded, there has not been obstruction with respect to the instant federal case. Tellingly, the government does not offer any caselaw or direct authorities for its argument. To the contrary, the government acknowledges, its position is at odds with the Guidelines because Mr. Bunevacz is entitled to credit for acceptance of responsibility under U.S.S.G. § 3E1.1.

Instead, the government appears to argue, because the state case was properly deemed "relevant conduct" in the PSR, misconduct in that case constitutes obstruction for purposes of the federal prosecution. Not so. The crux of the government's argument is that Mr. Bunevacz "obstructed" the "sentencing" in the prior state case by not faithfully complying with conditions of probation, avoiding a jail sentence in the process. This argument, however, conflates "offense of conviction" and "relevant conduct." Critically, the entire focus of § 3C1.1's first prong is the "offense of conviction." The second prong confirms that narrow reach by separately referring to both "offense of conviction" and "relevant conduct."

Therefore, although the misconduct in the state case, if true, would potentially satisfy the second prong of § 3C1.1 because it is "related to . . . relevant conduct," there is no colorable argument that said conduct impacted the government's investigation or prosecution, or the Court's sentencing, on the present federal charges. The government cannot sidestep this critical limitation simply because a prior state conviction is considered relevant conduct. Under the government's reading, any misconduct "related to" a prior conviction that is "relevant conduct" would justify the obstruction enhancement, effectively reading § 3C1.1's first prong entirely out of the text.

2

Stepping back, the government's argument has troubling implications. How Mr. Bunevacz purportedly made restitution in the state case—running a Ponzi scheme during the year 2017—is part and parcel of the admissions by Mr. Bunevacz in entering his guilty pleas. This helps illuminate the flaws in the government's argument by stripping § 3C1.1's first prong of any force. The result, at least in this case, is to flip the obstruction enhancement on its head. Were the Court to accept the government's reasoning, Mr. Bunevacz's *acceptance of responsibility* would effectively serve as the basis for applying the obstruction enhancement. The government's position is thus entirely inconsistent with the Guidelines and entirely inconsistent with foundational principles of criminal law.

Simply put, no alleged misconduct in the state case has had any impact on the investigation, prosecution, or forthcoming sentencing on the fraud charges to which Mr. Bunevacz entered guilty pleas. There is no basis for obstruction here.

**B.     The Court Should Not Depart Upwards in Criminal History Category.**

    **1.     The Prior State Conviction is Already Accounted for by the Guidelines.**

The government also asks the Court to depart upwards to Criminal History Category II, primarily due to the same state conviction that Probation accurately concluded is relevant conduct. The government's argument rests largely on U.S.S.G. § 4A1.3(a)(2)(A). That provision provides the following examples that may justify an upward departure: "Prior sentences not used in computing the criminal history category (*e.g.*, sentences for foreign and tribal convictions)." The government's citation omits the parenthetical containing specific examples, which make clear that this passage refers to "prior sentences" that would contribute criminal history points had they occurred in a state or federal court. It is not meant to apply, however, to past convictions that go uncounted because they are relevant conduct. In fact, the first words of the passage drive home this very point in referring to "prior sentences" that

3

are not counted. A conviction that qualifies as relevant conduct is by definition not a "prior sentence." U.S.S.G. § 4A1.2 (Application Note 1).

The Court should similarly reject the government's attempt to rely on Mr. Bunevacz's criminality while on probation from the state conviction. This is effectively another way to turn the state conviction into a "prior sentence." The two points that are added when a defendant commits an offense while on probation are inherently tethered to whether that conviction is a "prior sentence" or instead "relevant conduct." Accordingly, the same reasoning applies and the Court should not depart upwards on this basis. U.S.S.G. § 4A1.1 (Application Note 4).

The government does no better with its analogies to misconduct established by civil adjudication or failure to comply with an administrative order. The key difference: the government's examples involve conduct that does not impact the Guidelines range, whether by way of offense score or criminal history. Here, however, the losses from the state case are included in Mr. Bunevacz's total offense level, and therefore properly accounted for by the Guidelines. Moreover, assuming the government is right about how Mr. Bunevacz made restitution in the state case, his misconduct on probation is also accounted for because any losses from investors whose funds were used to make restitution are likewise included in the loss amount.

In short, the government cannot have it both ways, by having this conduct included in both Mr. Bunevacz's offense level and, effectively, his criminal history calculation as well. An upward departure on this basis is not appropriate.

**2.   The Alleged Conduct in the Philippines is Unsubstantiated.**

Finally, the government references alleged criminal conduct from the Philippines. This is nothing more than conjecture and speculation. The entire "evidence" of this conduct are two blogs from the Philippines that quote unnamed individuals about an alleged business dispute between Mr. Bunevacz and his partners.

Furthermore, Mr. Bunevacz was never charged or even arrested. As a result, even assuming these allegations were from a credible source, the Court should still not

consider them in assessing the proper criminal history category. *See United States v. Johnson*, 648 F.3d 273, 277–78 (5th Cir. 2011) ("an arrest, without more, is quite consistent with innocence," and therefore arrests generally should not be considered at sentencing); *see also United States v. Garcia-Sanchez*, 189 F.3d 1143, 1148 (9th Cir. 1999) (district courts cannot make factual findings at sentencing based on unreliable evidence).

## III. CONCLUSION

For the foregoing reasons, Mr. Bunevacz respectfully requests that the Court decline to apply the enhancement and departure sought by the government. Mr. Bunevacz re-iterates the request set forth in his sentencing position that a sentence at or below the low-end of the Guidelines, specifically 87 months, is appropriate. Among other reasons, the Guidelines already prescribe a lengthy term of incarceration, the Guidelines would recommend the same sentence even if the loss amount were substantially larger (up to $65 million), and the Guidelines capture the various aggravating factors.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 7, 2022    By   /s/ *James S. Threatt*
JAMES S. THREATT
Deputy Federal Public Defender
Attorney for David Bunevacz